UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHEN D. THIBEAU,<br>       Plaintiff | )<br>)<br>)<br>)<br>) | |
| v. | )<br>)<br>)<br>)<br>) | Civil Action No. 10-30022-KPN |
| COMMONWEALTH OF<br>MASSACHUSETTS,<br>       Defendant | )<br>)<br>) | |

REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(a)(3)
March 10, 2010

NEIMAN, M.J.

Stephen Thibeau ("Plaintiff"), proceeding *pro se*, has submitted for filing an Affidavit to Accompany Motion for Leave to Appeal *In Forma Pauperis* (Document No. 7). The clerk's office has docketed this pleading, even though only an "affidavit," as a "motion" for leave to appeal *in forma pauperis*. The court will also treat it as such, given Plaintiff's *pro se* status. See *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) ("The Supreme Court has long held that [pleadings] drafted by non-lawyers are to be construed with some liberality.") (citing cases). *But see* Fed. R. App. P. 24(a)(1) (indicating that any party seeking to appeal *in forma pauperis* must file both "a motion" and "an affidavit").

Plaintiff's "motion" has been referred to this court, presumably as a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), for a report and

recommendation.  Instead of directly addressing Plaintiff's motion, however, the court, for the reasons that follow, can only recommend that the district court certify in writing to the Court of Appeals, pursuant to subsection (a)(3) of the *in forma pauperis* statute, 28 U.S.C. § 1915, that Plaintiff's appeal is not taken in good faith.

As Plaintiff is aware, this court, on January 26, 2010, recommended that his complaint be summarily dismissed pursuant to the *in forma pauperis* statute. (Document No. 3.)  In making this recommendation -- which was adopted over Plaintiff's objection on February 17, 2010 -- the court described the case as "patently frivolous" and referred specifically to that part of the statute, subsection (e)(2)(B)(i), which states that "frivolous" *in forma pauperis* actions must be summarily dismissed.  (*Id.* at 2, 4.)

Plaintiff is probably not aware, however, that another part of the statute, subsection (a)(3), states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  *See also* Fed. R. App. P. 24(a)(3) (indicating that a party who was permitted to proceed *in forma pauperis* at the district court may automatically proceed *in forma pauperis* on appeal "unless . . . the district court . . . certifies that the appeal is not taken in good faith . . .").  While there is scant case law on the issue, the Court of Appeals for the Third Circuit has specifically held that "'a finding of frivolousness'" under subsection (e)(2)(B)(i) is, *a fortiori*, "'viewed as a certification that the appeal is not taken in good faith.'"  *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 455 n.6 (3d Cir. 1996) (quoting *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.4 (3d Cir. 1990)).

As applied here, the court fully agrees with the Third Circuit because "granting

leave to appeal *in forma pauperis* from the dismissal of [this] frivolous suit [would] contradict[] the earlier order." *Id.* Accord *Appeals In Forma Pauperis Generally*, 8 Fed. Proc., L.Ed. § 20:412 (2010). Accordingly, the court has little choice but to RECOMMEND, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff's appeal be certified in writing to the Court of Appeals as not having been taken in good faith for the reasons stated in this court's January 26, 2010 report and recommendation, which was adopted on February 17, 2010.[1]

DATED:   March 10, 2010

        /s/ Kenneth P. Neiman
        KENNETH P. NEIMAN
        U.S. Magistrate Judge

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the his receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).